## SIGLER *v.* WOODS.

Where the record of a cause is silent as to what disposition was made of a de-
murrer, and also is silent as to whether a plea was filed, save only that the
jury was sworn to try the issue joined, and it appears that the parties ap-
peared and proceeded to trial; and where it does not appear that any ob-
jection was made below, or any attempt to arrest the judgment, or that the
error was brought to the attention of the inferior court, this court will pre-
sume that the demurrer was waived, and a plea filed, and refuse to disturb
the judgment.

### *Error to the Van Buren District Court.*

THIŚ was an action of assumpsit brought by summons,
returnable to the March term, 1846, of the Van Buren Dis-
trict Court.   The declaration contains a special count, and
three common counts, to which a copy of the demand sued
upon is appended.   The transcript shows the following
facts: that at the September term, 1846, leave was given to
the plaintiff to amend his declaration, by filling blanks
therein; that on the day following this leave, a general de-
murrer to the declaration was filed; that the cause was con-
tinued by successive continuances, without anything further
appearing to have been done in it, except that at the May
term, 1847, leave was granted to plaintiff to amend his
declaration, until the March term, 1848, at which time the
parties appeared by their attorneys, and a jury was impan-
neled "to try the issue joined in this case;" and that the
jury returned a verdict in favor of the plaintiff, upon which
the court proceeded to enter judgment.   The transcript no-
where shows that any disposition was made of the demurrer,
or that any other pleading on the part of the defendant was
filed.   The defendant sued out a writ of error, and in this
court makes the following assignment of error:

1. The court erred in trying the cause, until an issue in
fact was made up by the pleadings.

2. In impanneling a jury to try the issue on the de-
murrer.

3. In trying the cause until the plaintiff had amended his declaration, by filling up the blanks therein.

4. In rendering judgment on the verdict.

*J. C. Hall*, for appellant.

*Augustus Hall*, for appellee.

ISBELL, J.—It is obvious that these several assignments, except the third, resolve themselves into the question, whether the silence of the record as to what disposition was made of the demurrer, and also its silence whether a plea was filed, save only, that the jury was sworn to try the issue joined, will justify this court in concluding that there was error in the court below; it appearing that the parties appeared and proceeded to trial, and it not appearing that any objection was made below, or any attempt to arrest the judgment, or to correct the error, if it in fact existed; or that it was in any way brought to the attention of the court. From some cause, inexplicable, the suit has been so long deferred, that we feel disinclined to disturb the judgment of the court below, nor do we see any good reason for so doing. If the demurrer had been called up, we see no reason why it could have been sustained. But a demurrer found among the papers, after verdict and judgment, will be intended on error to be waived. *Couch & Kinsman v. Barton*, Morris, 354; *Carlisle* v. *Davis*, 7 Ala. 42. The silence of the transcript as to whether a plea was filed, stands on similar footing; and "it has often been decided by this court, that no error can be assumed from mere omission or defect in the transcript; that it must appear affirmatively of record." *Mackemer* v. *Benner*, 1 G. Greene, 157. But should we infer that the demurrer was in fact undisposed of, and no other plea in, we are by no means prepared to conclude that a party might, as the law stood when this cause was tried below, contest his cause before a jury, and take his chance of success there; and then, without any effort to arrest the judgment, or even calling the error to the

attention of the court below, still be entitled to aid from this court.   As it now stands, no such question could arise. *Woods & Hobert* v. *Morgan & Morgan*, Morris, 180; 6 Yerger, 491; Breese, 14.   As to the blanks in the declaration, there are none material.

Judgment affirmed.