## William H. Craig and Another v. Charles W. Grant and Another.

Where defendant, after plaintiff has closed his case, recalls one of plaintiff's witnesses and proves by him facts which are material to the defense, and it does not appear that defendant has been surprised or induced to call the witness by statements he had previously made different from the facts to which he has testified, and he was not a witness the defendant was compelled to call, like the subscribing witness to an instrument, defendant has thereby made the witness his own, and it is error in the court to permit him afterwards to impeach such witness.

A replication to a notice of special defense, under the old rules, was not necessary where the matters set out in the notice were admissible in evidence under the general issue.

Where replevin was brought for the unlawful *detention* of property at Hampton, in Saginaw county, and defendants justified under attachments issued out of the circuit court for that county, — *Held*, That plaintiffs were not estopped by this issue from showing that the *taking* of the property under the attachments was at Hampton, in Bay county.

The question of the organization of Bay county having, as before decided by this court, been submitted to a popular vote in the proposed county, and defendants claiming that the return of votes did not show the number cast within such limits, and that Bay county never in fact became organized, — *Held*, That the question of such organization was one of fact for the jury, and an offer of the plaintiffs to show that the attachments were levied in Bay county involved this question, and should have been allowed.

*Heard June 1st. Decided June 7th.*

Error to Saginaw Circuit.

The case is sufficiently stated in the opinion.

*E. C. Hinsdale*, and *C. I. Walker*, for plaintiffs in error:

1. The admission of testimony contradicting the testimony of Henry M. Bradley, in his answer to a question asked by defendants, was erroneous.

The defendants, by calling him as their own witness, to show the value of their replevied property, and the management of it by plaintiffs, had represented him as worthy of belief, and could not, therefore, impeach the general reputation of their own witness.—1 *Phil. Ev.* 308; 1 *Green. Ev.* 442; *Bul. N. P.* 297.

Nor does this case come within any of the exceptions

to the general rule. The witness Bradley was called volun-
tarily by defendants. He was not one the law obliged them
to call, as a witness to a deed, or the like.

Nor did his answer relate to a particular fact *pertinent
to the issue*, so that it was proper for the party introducing
him to show that the fact was otherwise than testified to
by him. Even on cross-examination, a party can not con-
tradict a witness in matters not material to the issue.—1
*Greenl. Ev.* §§ 462, 449; *Shields v. Cunningham*, 1 *Blackf.*
85; *Harrington v. Inhabitants of Lincoln*, 2 *Gray*, 133;
*Hathaway v. Crocker*, 7 *Metc.* 266; *Harris v. Tippet*, 3 *Campb.*
637; *Seavy v. Dearborn*, 19 *N. H.* 351. Still more must
the *fact* about which the witness testified, whom it is pro-
posed to contradict, be material to the issue, to allow a party
to contradict his own witness.—*Commonwealth v. Buzzell*, 16
*Pick.* 158; *Commonwealth v. Starkweather*, 10 *Cush.* 59; *Peo-
ple v. Safford*, 5 *Denio*, 112; *Chamberlain v. Sands*, 27 *Me.*
458; *Stockton v. Demuth*, 7 *Watts*, 39; *Smith v. Price*, 8
*Ibid.* 447; *Commonwealth v. Welsh*, 4 *Gray*, 535; *U. S.
v. Dickinson*, 2 *McLean*, 330; *Rixey v. Bayse*, 4 *Leigh*, 330.

2. Plaintiff [should have been permitted to show that
the taking of the property under the attachments was in
the county of Bay. Process from a circuit court can not
lawfully be served out of the limits of the county in which
the court sits.— *Turrill v. Walker*, 4 *Mich.* 177.

The return of the sheriff to the writs of attachments
that the goods were seized in "Hampton," in Saginaw
county, was only *prima facie* evidence of the fact; and
strangers to that suit were fully at liberty to refute it,
statements.—*Messer v. Bailey*, 11 *Fos.* 9; *Watson v. Watson,*
6 *Conn.* 334; *Dutton v. Tracy*, 4 *Ibid.* 79; *Augier v. Ash*,
6 *Fos.* 99; *Brown v. Davis*, 9 *N. H.* 76.

*J. M. Howard*, and *John Moore*, for defendants in error:

1. Defendants had not made Bradley their own witness.
He was recalled for the purpose of cross-examination, and

the evidence given by him is only a continuation of his former examination. It was competent for the court to permit him, to be recalled for that purpose, either to lay the foundation for an impeachment, or to further explain and bring out the circumstances to which he had already testified.—1 *Greenl. Ev.* §§ 431, 433, 446.

What was said by Bradley while acting as agent for plaintiffs in consummating the thing which he was employed to do, was *res gestæ*, and the proof of it was therefore material.

2. Plaintiffs could not, under the issue, be permitted to show that the levy of the attachments was made in Bay county. They allege in their affidavit for the writ of replevin, that defendants detained the property in Saginaw, the return of the officer who served it shows that he took the property from defendants in Saginaw, and plaintiffs, in their declaration, alleged that defendants then detained the property in Saginaw. But independent of this, plaintiffs could not give this evidence without replying to defendants' notice. We deny that the levy was made in Bay county, and if the plaintiffs had put in a replication setting up that the levy was made beyond the jurisdiction of Saginaw county, we should have been prepared to meet the question.

3. But we deny that there is any such county as Bay. The case of *The People v. Burns*, 5 *Mich.* 114, was decided entirely upon the showing made in that case, and which formed the basis of the decision.

There is no law organizing such a county. In this case there is no evidence of any organization. The court will take judicial notice of the boundaries of counties, because they are fixed by statute; but in this case, from the peculiar wording and frame of the act authorizing the question of the organization of Bay county to be submitted to the people, its effect is made dependent upon *matters of fact* which the court can not notice except as they are brought before the court in the way of evidence. And we deny that

any vote was ever cast in favor of the act—much more, a majority.

CHRISTIANCY J.:

The plaintiffs in error brought an action of replevin in the court below, against defendants Grant and Ellis, the former of whom was sheriff of Saginaw county, and the latter his deputy.

The affidavit described the property in question as being in the town of Hampton in Saginaw county, and the declaration was for the detention of the property at the same place.

The defendants pleaded the general issue, and gave notice with their plea, alleging the taking and justifying the detention at the place mentioned in the declaration, by virtue of two writs of attachment issued out of the Circuit Court for the county of Saginaw, against Lot Frost and Charles Bradley, one dated the 19th and the other the 21st day of September, 1857, and both returnable on the 6th of October, 1857; under which they claim to have seized and to detain the property; and alleging also that judgments were recovered under the respective attachments, one on the 19th and the other on the 21st of November, 1857; and stating the amount of the respective judgments against Frost and Bradley.

On the trial, the plaintiffs claimed the property under a conveyance or bill of sale from Frost and Bradley to them, dated September 19th, 1857; and after proving the due execution of the instrument, and before introducing it in evidence, called Henry M. Bradley as a witness, who, after certain preliminary questions, testified that previous to the 19th of September, 1857, he had charge of the property at Saginaw belonging to Frost and Bradley, as their agent, and that on that day he was employed by the plaintiffs to take charge of the property transferred to them by Frost and Bradley by said conveyance; and that plaintiffs gave him, as evidence of such employment, a written power of attor-

ney: That he left Detroit on the 19th. of September, and reached Saginaw September 21st, 1857, and immediately took possession of said property for the plaintiffs, except such as had been attached, and continued in possession and management thereof from that time: That the property described in the writ of replevin in this case is a part of the property described in the conveyance of September 19th, 1857: That on 21st of September, 1857, it was in the possession of the defendant Ellis at Hampton, in what was then called Saginaw and now called Bay county, and that he claimed it under an attachment made by him as deputy sheriff. That most of the lumber was in cribs in the river.

The plaintiffs then introduced the conveyance, or bill of sale mentioned, and, evidence showing its filing with the city clerk of the city of Detroit on the day of its date. They then rested their case.

The counsel for the defendants, to maintain the issue on their part, introduced evidence showing the issue and service of the writs of attachment on 21st of September, 1857, and the recovery of the judgments as set up in the defendants' notice. And it was admitted that Grant was sheriff and Ellis was deputy sheriff of Saginaw county at the time of said seizure.

The defendants further introduced the deposition of Lot Frost, and also called Henry M. Bradley, who testified to the value of the replevied property, and generally to the manner in which the property described in said conveyance of September 19th, 1857, was disposed of and managed; tending to show that the said conveyance was executed for the purpose of hindering, delaying, and defrauding creditors.

The defendants also inquired of said Henry M. Bradley whether he did not, on or about 21st of September, 1857, say to George W. Bullock, at his store, in Saginaw City, that the conveyance of September 19th, 1857, was made to gain time; and he denied that he so said. The defendants

also introduced several other witnesses, whose testimony tended to prove the fraudulent character of said conveyance of September 19th, 1857.

The defendants also called George W. Bullock, who was duly sworn, and the defendants offered to prove by him that the said Henry M. Bradley did, on or about the 21st day of September, 1857, in the store of the witness, at Saginaw City, say to witness that the said conveyance of September 19th, 1857, was made to gain time. It appeared on the cross-examination that said witness Bullock was a creditor of Frost and Bradley. The plaintiffs objected to the evidence, on the ground that the defendants had made Bradley their own witness, and could not impeach him. The court overruled the objection, and admitted the testimony, to which the plaintiffs excepted. And upon this the first error is assigned.

If the plaintiffs had rested their case immediately on the close of the direct-examination of H. M. Bradley, and before the defendants could have an opportunity to cross-examine him, it is clear that their right of cross-examination would not have been cut off; that they might at once have proceeded to the cross-examination, and should have availed themselves of this right before introducing other evidence, unless they obtained leave of the court to waive it for the present, and to enter upon it in a future stage of the cause. But it appears from the bill of exceptions that the plaintiffs did not rest their case immediately on the close of the direct-examination of Bradley, but that they afterwards introduced the conveyance of September 19th, 1857, together with evidence showing its filing, &c., so that the defendants appear to have had an opportunity to cross-examine Bradley at the proper time, at the close of his direct-examination; and their neglect to do so, or to obtain the leave of the court to reserve the cross-examination to a future stage of the cause, furnishes a strong inference of their intention to waive any cross-

examination of the witness; and this inference is rendered conclusive by the fact that instead of examining Bradley immediately after the plaintiffs rested, and before resorting to other evidence in defense, they first open their defense by introducing the evidence of the issuing and service of the attachments, and the recovery of the judgments under them, and the admission that one of the defendants was sheriff, and the other deputy, at the time of the seizure. They then introduce the deposition of Lot Frost; and all this *before* they call upon Bradley. It is evident, therefore, they had fully entered upon the evidence in support of their own defense before calling upon him. And when they have at length called him, instead of proceeding at once to examine him upon any matter about which he had testified in chief, they proceed to examine him as to the value of the replevied property — a most material fact in support of the defendants' case, and in no way connected with his direct-examination;—and it is upon *his* testimony *alone* that this most material part of the defense was left to stand, as no other witness appears to have testified to the value.

Some small portion of the subsequent examination of the witness might possibly, if entered upon at the proper time, have been legitimate cross-examination; though even this is stated to have tended to show that the conveyance was executed for the purpose of hindering, delaying, and defrauding creditors—an indispensible fact in support of the defense, and to prove which they seem to have introduced several other witnesses who had not been examined by the plaintiff. For these and other obvious reasons, we can not doubt that defendants had made Bradley their own witness, as much as any other witness produced by them. He was not a witness they were compelled to call, like a subscribing witness to an instrument. It does not appear that defendants had been surprised or induced to call him by any statements he had previously made different from the facts to which he testified; and there is no ground upon which

they could be allowed to impeach him in the manner here attempted, even if the statement to which Bullock testifies had been sufficiently material to the issue to be admissible as an impeachment in any event; which may well be doubted, since he, as agent for taking possession and managing the property, could hardly have authority to bind his principals by any statement of his as to a past transaction — the purpose with which the conveyance had been made to his principals; nor can we see how it was, in any sense, a part of the *res gestæ*, going to explain the character of the possession or transfer. The admission of Bullock's testimony was therefore clearly erroneous, and the first error is well assigned.

After the defendants had rested, the plaintiffs recalled Henry M. Bradley and offered to prove by him that the levy of the attachments was made by the defendants in Hampton, in Bay county, and no where else.

To this testimony the defendants objected, and the court sustained the objection, and rejected the testimony; to which plaintiffs excepted. The rejection of this evidence is the second error assigned.

The defendants' counsel contend that this evidence was properly rejected, because, as they insist, no such issue was made by the pleadings; that the plaintiffs having sued out their writ from the Circuit Court for Saginaw county, and in their affidavit and declaration complained only of a detention in that county, and the defendants having taken issue on this, and in their notice justified the detention in that county, by virtue of the writs of attachment, the plaintiffs were precluded from showing the taking to have been in another county.

Had the declaration been only for the taking of the property, instead of the detention, the plaintiffs might have been thus estopped; but the action was only for the wrongful detention; and as the defendants had undertaken to justify this detention by a seizure under the writs of attach-

ment, and in no other way, whatever would make the seizure tortious, would make the detention equally so. It was therefore competent for the plaintiffs to rebut this defense by showing that the levy of the attachments was made in another county, where the writs of attachment were but waste paper, and could not justify a seizure. If the seizure was wrongfully made by defendants in another county, and the property removed by them into Saginaw county, the writs could afford no justification for the subsequent detention: the seizure and removal being a tort, the consequent detention would be equally so. The property could not thus be brought within the jurisdiction of the writs: the rights acquired by the trespass would be but the rights of a trespasser.

But as the issue was joined in this case before the new rules, the defendants' counsel insists that to entitle the plaintiffs to rebut the case made by defendants' notice, they must, under rule 16 (old rules) have filed a replication taking issue upon it, or alleging the seizure in Bay county by way of avoidance. However this might have been where such notice on the part of defendants is required by section 24, chapter 124 of Compiled Laws, the rule can not apply where the statute required no such notice on the part of the defense. The rule must be construed with reference to the statute; to extend it further would be to restore special pleading where the statute had abolished it. This court decided in the case of *Snook v. Davis* [*ante p. 156*], that no notice of justification under an execution was necessary on the part of the defendant in replevin, but that such justification was admissible under the general issue without notice. The justification under these writs of attachment must stand upon the same ground; and as no notice of it was required on the part of the defendants, the 16th rule did not apply, and no replication to the notice was necessary.

But it is insisted by defendants that no such county as Bay existed at the time this property was seized upon the attachments (September 21st, 1857); that by the act for the

organization of this county, approved February 17th, 1857 (*S. L.* 1857, *p.* 438 *to* 441), the question of its organization was to be and was submitted to a vote of the people: that this court decided in *People v. Burns*, 5 *Mich.* 114, that the submission was to be only to the voters within the territory of the proposed county; that there is nothing in the return of the votes made to the secretary's office showing the number of votes given for or against the proposition within the prescribed limits; and that, as the case of the *People v. Burns* was decided upon a statement of facts agreed upon in that suit, that admission and that decision can not bind others who were not parties to that suit. This may be true, but if so, the question whether a county or not was a question of fact in the case now before us; and the offer of the plaintiffs to prove "that the levy of the attachments was made by the defendants, in Hampton in Bay county, and nowhere else," was broad enough to admit this proof, and would cover any evidence necessary to show the existence of the county.

The evidence offered was therefore improperly rejected, and the exception was well taken.

The judgment must be reversed and a new trial granted.

The other Justices concurred.