Robinson v. Keith & Snell.

## ROBINSON v. KEITH & SNELL.

25  321
83  674

25  321
128  218

1. **Appeal**: ERROR WITHOUT PREJUDICE. The Supreme Court will not order the reversal of a case because of the rejection of testimony which, if admitted, could not have changed the result.

2. **Detinue**: DEMAND. Where the taking of personal property by the defendant in an action of detinue was wrongful, no demand is neces sary before commencing the suit.

3. **Parties**: ATTACHING CREDITORS. Attaching creditors who are made co-defendants in an action of detinue with the sheriff who levied the writ, and who appear and justify thereunder, are properly liable to judgment, though they had no actual knowledge of the seizure of the property by the sheriff.

4. —— JUDGMENT : PRACTICE. A money judgment in an action of detinue will not be disturbed because not in the alternative, when no exception was made to the form of the judgment when rendered, nor any motion made to correct the same.

5. —— A general exception to a judgment will necessitate the appel lant to allege objections to its form in this court.

*Appeal from Madison District Court.*

THURSDAY, JULY 23.

CERTAIN property (agricultural implements) was attached by Brock (sheriff) at the suit of defendants against one Large. Plaintiff brought this action (detinue) against the sheriff and attaching creditors to recover the value of the property so attached. Trial to the court, judgment for plaintiff against the creditors, and they appeal.

*Leonard & Mott* for the appellants.

*H. J. B. Cummings* for the appellee.

WRIGHT, J. — I. This property was held by Large, as the agent of the plaintiff, and was for sale by him on
1. APPEAL: commission. On the trial the defendants
error without
prejudice. proposed to prove, by said agent and other

witnesses, that the value fixed by them in their testimony included the commission for selling, and that each article was therefore worth that much less to plaintiff, and also the amount of such commission. This was objected to and excluded, and to this ruling defendant excepted, and now assigns the same as error.

. Without entering into an examination of the question made, it is sufficient to say, that the uncontradicted testimony entitled plaintiff to fully as large a judgment as he recovered, after deducting the highest commission (twenty per cent). The property was shown to be worth from $1,300 to $1,400; the judgment was $1,075.60; adding interest upon the lowest value of the property, according to appellant's claim and theory, would sustain the finding. Whereas, if governed by the decided preponderance of the testimony, the judgment is too small, even after deducting the alleged commission. We will not reverse a case and order a new trial for the rejection of testimony which, if admitted, could not change the verdict, and this conclusion we reach without conceding (which we are far from doing) that the testimony was admissible.

. II. The other objections made to the judgment may be considered together. They are, first, that there should **2. DETINUE:** have been no judgment for the value of the **demand.** property without proof of a demand for its return before suit brought by some one having authority to make the same; second, that the judgment should have been for the return of the property, or its value, if it could not be found; third, in rendering any judgment against appellants. This latter objection is based upon the thought, that the property was never in their possession, and want of knowledge on their part that the sheriff (their co-defendant) ever levied upon the same under the writ.

Miller v. Casady.

Defendants attempted to justify under the writ of attachment. If the property did not belong to Large, or was not subject to the writ, the taking was wrongful, and a demand was not necessary. But a demand was made, by one professing to be plaintiff's agent, who verified the petition in this case, and whose act they have recognized and adopted. If the officer refused to deliver upon such demand, he did so at his peril.

The act of the officer was that of appellants. They have appeared and justified under him. They started the machinery of the law, by which this prop-
3. —— parties: erty was seized under the writ of attachment.
attaching cred-
itors. His possession, for the purpose of this action, was theirs; though they may not have had *actual* knowledge of the seizure, the law will hold them liable to the same extent in this action as though having such knowledge.

Not only so, but finally, there was no exception to the
4. —— judg- form of the judgment, nor motion to set it
ment: practice. aside, nor for a new trial.

There was a general exception to the judgment, but the court was never asked by motion or otherwise to enter the alternative judgment. Under this general exception appellant cannot be heard to allege objections to the form of the judgment. That plaintiffs established their right to recover as against any objection of substance, we entertain no doubt.

Affirmed.