FRANCIS W. CARR v. FRANK PHILLIPS.

*Bankruptcy—Extra-territorial seizures.*

Goods sold and removed before bankruptcy cannot be seized by a United States marshal outside of his own district, for the protection of the rights of the assignee.

Error to Jackson.   Submitted June 20.   Decided Oct 15.

REPLEVIN.   Defendant brings error.

*John D. Conely* for plaintiff in error.

*Joslin & Whitman* for defendant in error.   An assignee in bankruptcy may sue in any State, or in any federal court for the recovery of property held adversely by a third party residing within its jurisdiction, *Boone v. Hall,* 7 Bush, 66: 3 Amer., 288; *Cogdell v. Exum,* 69 N. C., 464: 12 Amer., 657; *Claflin v. Houseman,* 93 U. S., 130: 4 Amer. L. T. Rep., 51: *Goodall v. Tuttle,* 3 Biss., 219: 13 Amer. Law Reg., 192; *Lathrop v. Drake,* 91 U. S., 516; *Burbank v. Bigelow,* 92 U. S., 179; seizure of property under a provisional warrant in bankruptcy cannot. be authorized except where it belongs to the debtor and is in his possession, Bump's Bankruptcy, 451; *In re Holland,* 12 Nat. B. Reg., 403; the district court cannot summarily order the sale of property claimed by an assignee, even though the title is disputed, if it appears that it is in the actual possession of a third person holding it as owner and claiming absolute title whether derived from the debtor before he was adjudged bankrupt or from some former owner, *Knight v. Cheney,* 5 Nat. B. Reg., 305; *Smith v. Mason,* 14 Wal., 419; *Marshall v. Knox,* 16 Wal., 551; *Stanley v. Sutherland,* 54 Ind., 339: 16 Amer. Law Reg., 298; *In re Hulst,* 7 Benedict, 17; *Doyle v. Sharpe,* 41 N. Y. (S. C.), 312; replevin lies to recover goods taken in good faith by an assignee in bankruptcy, *Leighton v. Harwood,* 111 Mass., 67.

MARSTON, J. Phillips brought an action of replevin against defendant Carr to recover possession of certain goods.

The plaintiff Phillips claimed to have purchased the goods in question previous to January, 1873, from Charles N. Lewis of Jackson, and that they were shipped from Jackson to, and received by him at Kalamazoo previous to that date.

It also appeared that on the 17th day of January, 1873, a petition was sworn to and filed in the District Court of the United States for the eastern district of Michigan, by some of the creditors of said Lewis, asking that he be declared bankrupt.

Upon the same day a petition was presented to and filed in said court, praying that the property of said Lewis be seized and possession thereof taken provisionally by an officer of the court, and for the arrest of said Lewis. That thereupon, and on the 17th day of January, a warrant was issued out of said court to the marshal of said district commanding him forthwith to take possession, provisionally, of all the property and effects of the said Lewis, and safely to keep the same until the further order of the court; that defendant Carr, who resided at Jackson, and was then deputy marshal of the United States for the eastern district of Michigan, by virtue of this warrant, in February, 1873, went to the store of plaintiff Phillips, and other places where the goods were, at Kalamazoo, in the western district, took possession of the goods, boxed and shipped them to Jackson in the eastern district, where this action was afterwards commenced.

Upon the trial a number of questions were raised as to the regularity and validity of the bankruptcy proceedings, and as to the right of the marshal under this warrant to seize goods in the hands of a third person, claimed to have been purchased previous to the commencement of the bankruptcy proceedings. The view taken by the court was favorable to the defendant upon

all but one point, viz.: the right and authority of the defendant to go out of his district and make the seizure in question at Kalamazoo, and upon this question the court held he had no such authority, and the offer of the provisional warrant, under which the seizure was claimed to have been made, was rejected. Other questions were afterwards raised and decided against the defendant, but as they all depended and turned upon the ruling already made, they become immaterial.

In the brief submitted by counsel for plaintiff in error it is conceded that under § 787, Rev. St. of U. S., p. 147, which prescribes the duties of marshals, that the authority there conferred is to execute throughout their districts all lawful precepts directed to them and issued under the authority of the United States. This it is claimed is but the general authority and is not intended to point out what may or may not be done by them in special cases. It is not claimed by counsel that this section conferred any authority to make the seizure in question. The claim made is that Congress has power to authorize the marshal as messenger of the bankrupt court to execute its process anywhere in the United States; that Congress has in this respect the same power that the legislature of a State has to say that a sheriff may serve process of a circuit court outside of the county from which the process issues. Counsel does not claim that Congress has, in express terms, conferred any such authority, but rather that such authority follows as a necessary and legal implication from other powers expressly conferred; that in order to fully carry out the provisions of the bankrupt act, and in order to protect and preserve the property of the bankrupt for the assignee, it is necessary that the marshal should have this authority.

I cannot concur with counsel in this view that such authority will be implied in order to protect the property for the assignee. Sec. 5046 prescribes what property of the

bankrupt shall vest in the assignee, and it is declared that property conveyed by the bankrupt in fraud of his creditors shall at once vest in the assignee, and the assignee may commence and maintain an action for such property, and is not confined to the district in which he was appointed in so doing. To give the marshal the power claimed for him, would enable him to follow property which it was claimed had been by the bankrupt sold in fraud of his creditors, all over the United States, —to seize it and carry it into the district where the bankrupt resided and the bankruptcy proceedings were pending. This would require the claimant to follow the property if he desired to protect his title thereto, and submit to the jurisdiction of a court at an expense and loss ruinous even in case of success. If it could unerringly be said that all sales claimed to have been so made were fraudulent in fact, and that the claimant acquired no interest or rights entitled to protection, there might be less hardship in this view, but the law does not proceed upon any such theory.

We have not been referred to any provision in the Acts of Congress, or to a judicial construction of any provision which would protect the officer making the seizure in this case, and in the absence of such he clearly had no such authority. The seizure having been wrongfully made in a county where the warrant was but waste paper, and wrongfully removed to and detained in Jackson county, the warrant under those circumstances could afford no justification for the detention. The property could not thus be brought within the jurisdiction of the writ. *Craig v. Grant,* 6 Mich., 455.

Express authority is given marshals of the United States to transfer, keep and sell property outside their districts, in like manner as if the property were within the same. Rev. St., § 4629, p. 908. See also sec. 776, p. 145, et seq., where marshals of one district are authorized to perform duties in others. Other instances may be found where Congress, deeming an enlargement of

powers necessary, has conferred the same in express terms. In. the absence of any construction by the court of the United States, giving marshals the authority claimed in this case under the bankrupt laws, we think it safer and more in accord with well settled legal principles to hold that they have no such authority.

It follows that the judgment must be affirmed with costs.

The other Justices concurred.