A. MARTIN v. HOPKINS & NICODEMUS.

VERDICT, *Sanctioned by Trial Court — Contradictory Evidence — Judgment, Not Reversed.* Where a case is submitted by the district court to a jury, and their verdict has received the sanction of the trial court, the supreme court will not set the judgment aside if there is sufficient evidence introduced upon the part of the plaintiff to sustain the verdict and judgment, although such evidence is contradicted directly by the evidence of the defendant.

*Error from Rooks District Court.*

THE opinion states the case. Judgment for the plaintiffs *Hopkins & Nicodemus,* at the September term, 1885. The defendant *Martin* brings the case here.

*M. C. Reville,* for plaintiff in error.

*C. W. Smith,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action originally brought before a justice of the peace of Rooks county, by Hopkins & Nicodemus, real-estate agents, *v.* A. Martin, to recover the sum of forty-five dollars, which the plaintiffs claimed was due them from the defendant for services rendered by them in procuring a buyer for and in selling the defendant's timber claim. The case was appealed to the district court, and there tried before the court with a jury. A verdict was returned by the jury in favor of the plaintiffs for forty-five dollars. The verdict was approved by the trial court, and judgment entered accordingly.

Where errors are assigned in the petition in error, but no reference is afterward made to them by oral argument or briefs of counsel, this court will take no notice of them. (*Wilson v. Fuller,* 9 Kas. 176.) Under this rule we can only consider whether the verdict of the jury is wholly unsupported by the evidence, as this is the only matter argued, or referred to in the briefs. Plaintiffs below offered evidence that they found

in Mr. Ward a buyer of the timber claim; that he paid Martin the price agreed upon; and that they were to receive five per cent. commission, which amounted to forty-five dollars. Upon the defense it was attempted to be shown that the contract entered into between the parties was subsequently rescinded, and the preponderance of the evidence is that way; but Hopkins denied this in his testimony, and as the jury were the judges of the credibility of the witnesses, we cannot say that the contract was rescinded, as testified to on the part of the defendant.

Again, it is said that at the time of the sale of the timber claim, defendant paid to Ward, the buyer, the commission which plaintiffs were to receive from him; and that Ward was authorized by them to collect and retain the commission; therefore, that the payment of the commission to Ward was payment to the plaintiffs and a discharge of the liability of Martin to them. The testimony of Ward, the principal witness upon this point, is not satisfactory. At one time he testified that he was to divide the commission with the plaintiffs; subsequently, he testified that the plaintiffs told him that they would be satisfied with five dollars. He also testified that he first obtained a receipt for eight hundred and fifty-five dollars, and afterward took the receipt back and obtained another one for eight hundred and ninety-five dollars. Hopkins testified that he refused to take five dollars as his commission, and that Ward showed him his receipt for eight hundred and ninety-five dollars and said that he gave that amount for the land, and offered him only five dollars. Taking all the evidence together, it looks very much as Hopkins testified, "that Martin and Ward were trying to beat the plaintiffs out of their just dues."

As against the finding and the verdict of the jury, we cannot say that Martin paid the commission to anyone authorized by the plaintiffs to collect or receive the same. The jury were under no obligation to believe the statements of Martin and Ward; and unless they convinced their reason, they were entirely at liberty to reject them altogether. They had the right to take the evidence with all its surroundings, and often

other things which go to characterize a transaction are more convincing than positive evidence of any witness, especially if the witness is interested. (*Molitor v. Robinson*, 40 Mich. 201; *Callison v. Smith*, 20 Kas. 36; *K. P. Rly. Co. v. Anderson*, 23 id. 44.)

As this case was submitted to a jury, and as their verdict has received the sanction of the trial court, we do not feel justified upon the record before us in setting the judgment aside. (*K. P. Rly. Co. v. Kunkel*, 17 Kas. 145.)

The judgment of the district court will be affirmed.

All the Justices concurring.