## Wm. C. Lobenstein v. Geo. W. Pritchett.

1. Evidence; *Irrelevant; Incompetent.* On a trial before a jury where one of the questions to be tried is whether the defendant was a *gratuitous* bailee of the plaintiff or not, it is not error for the court to refuse to allow the plaintiff to introduce evidence to show that the defendant, in a different transaction, with a person other than the plaintiff, and concerning a different bailment, was a bailee for compensation.

2. ——— *Error, when cured.* Where testimony offered by a party is improperly rejected by the court, and afterward, and before the case is submitted the same testimony is admitted, the error is cured, and the judgment will not be disturbed on account of it.

3. Instructions, *need not be repeated.* When a court in its charge has once given the law correctly upon all the issues involved in the case, it is not bound to give other instructions in substance the same as those given, but differing only in the mode of their expression. [*Kansas Ins. Co., v. Berry,* ante, 159; *Abeles v. Cohen,* ante, 180.]

4. Diligence; *Negligence.* A bailee or carrier without reward is bound to slight diligence only, and is answerable for gross negligence only. A bailee or carrier for reward is bound to exercise ordinary diligence, and is answerable for ordinary negligence.

### *Error from Leavenworth District Court.*

Lobenstein sued *Pritchett* upon an alleged contract of bailment, to recover the value of sixty-six ounces of gold dust. The petition alleged that said gold dust was delivered to defendant at Helena, in the Territory of Montana, to be by him carried to Leavenworth, Kansas, and delivered to the plaintiff, for a reasonable reward; that defendant converted thirty-three ounces thereof to his own use, and that through his carelessness and negligence the other thirty-three ounces of said dust became and were wholly lost to plaintiff. Answer, general denial. The defendant delivered to plaintiff a sack, which, when opened, was found to contain sand and shot. The case was tried at the May Term, 1869. The testimony was directed first to the issue, as whether or not the sack received by the defendant really contained gold at the time he received it; and second, if so, whether the same was converted by defendant to his own use, or was lost by his negligence and carelessness during the journey. It

was also a question whether the defendant had contracted to transport the sack for hire, or whether the service was a matter of favor, and gratuitous. On this point one Kirk was called as a witness, and after testifying among other things that *Pritchett* had rendered a similar service for him, he was asked this question: " State whether you paid him anything for bringing it to you, or not ?" *Pritchett* objected, and the testimony was excluded, to which plaintiff excepted. The court instructed the jury as follows:

"The burden of proof is upon the plaintiff; and to entitle him to recover he must establish his claim by the weight or preponderance of the testimony.

"If the testimony fails to show that the bag delivered to the defendant at Helena contained gold dust when delivered to him, then you must find for the defendant.

"If the defendant received and undertook to carry a bag of gold dust, and instead of delivering the same, delivered the bag without the dust, but filled with sand and shot, the burden would rest upon him to excuse the non-delivery of the dust; that is, to show that he exercised that degree of care and diligence required of him by the law under the circumstances.

" If the defendant was a carrier without reward, he was bound to slight diligence only, and would not be liable for the loss of the dust if he exercised such diligence; and would be answerable for gross negligence only. But if he was a carrier of the dust for reward, he was bound to ordinary diligence, and would be answerable for ordinary negligence.

" Gross negligence is the failure to exercise that care and prudence which the habitually careless and negligent usually exercise in regard to their own property under similar circumstances. Ordinary negligence is the failure to exercise that care and prudence usually exercised by careful and prudent persons of their own property under similar circumstances. A failure to exercise slight diligence is gross negligence; and a failure to exercise ordinary diligence is ordinary negligence. But what amounts to negligence is a question of fact for the jury, under all the circumstances. What would be but ordinary negligence in one case, might be gross negligence in another. Each case must depend to a great extent upon its own particular circumstances. What would be ordinary care in the transportation of common merchandise might be gross carelessness in transporting jewelry, coin, or gold dust. The degree of care

should be proportioned to the nature and value of the property undertaken to be carried, and the danger and difficulty of its transportation. The defendant was bound to act in good faith toward the plaintiff, and with reasonable care and prudence under the circumstances.

"If defendant converted the gold dust or any part of it to his own use, or disposed of it in any way, he is liable. If the gold dust was lost in consequence of the defendant's failure to take that care and prudence of it that he was required to exercise according to the rules I have laid down, he is liable; otherwise, he is not."

Plaintiff in error excepted to this charge. He also asked certain instructions which were refused, and he excepted to the refusal. Verdict and judgment for the defendant, and *Lobenstein* brings the case here by petition in error.

*Clough & Wheat*, for plaintiff in error:

1. The court erred in sustaining the objection of defendant to the question put to witness Kirk. Plaintiff claimed that defendant was to bring the dust to Leavenworth for a reward. The testimony clearly shows that defendant brought several sacks of gold dust from Helena to Leavenworth for different parties at the time he brought the sack for plaintiff. Whether he received pay for so doing or not, we think competent to have been considered by the jury in determining the question whether or not defendant performed the services by him renered for plaintiff for a reward or not.

2. The evidence, as matter of law, *prima facie* showed that the sack delivered to defendant for plaintiff, contained gold dust when delivered to him at Helena: 1 Cow., 109; 28 Ill., 424; 4 Selden, 67. And this *prima facie* case was not rebutted, or in any manner weakened. Therefore, the court erred in saying to the jury: "If the testimony fails to show that the bag delivered to the defendant at Helena contained gold dust when delivered to him, then you must find for defendant." By so instructing them, the court, in effect, told the jury they might disregard unimpeached testimony, which we submit they could not lawfully do.

3. We also claim that the court erred in giving the instructions it gave to the jury, in this, that it thereby made the duties of the defendant in relation to the care he should take of the gold dust much less than the law imposed upon him. And that particularly by saying to the jury, that " Gross negligence is the failure to exercise that care and prudence which the habitually careless and negligent usually exercise in regard to their own property under similar circumstances."

We submit that when a person undertakes to carry money or gold dust, there is no such limited rule applicable to his contract or duty, as that thus laid down to the jury. 3 Sandf., 545; 34 Miss., 572; U. S. Dig., § 4.

4. As the testimony did not show how or when the contents of the sack were changed from gold dust to shot and sand, nor any sufficient reason why defendant could not even account for such change, or the non-delivery of the gold dust, we claim that the court erred in refusing to give the instructions asked by plaintiff.

That it was error to refuse such instructions—the evidence making *prima facie* case of *conversion*, which was not rebutted, and not show any loss by defendant so as to justify the court in treating the action solely as an action for *negligence*—see, 1 Greenl. Ev., § 642; Ang. on Carriers, §§ 38, 63, 202; 2 Cow. 500; 2 Salk., 655; Story on Bail., §§ 188, 191; Edw. on Bail., 114, 226.

5. The error in refusing the instructions in relation to the matter of conversion, was not cured by the statement, " If he converted it to his own use, or disposed of it in any way, then he is liable, otherwise he is not;" because from this statement, the jury would, of course, understand that affirmative evidence was necessary showing how, when, etc., defendant converted or disposed, of the gold dust. Besides, the instructions asked and refused on that matter, went to the point as to what was sufficient to show a conversion, whilst this, thus given, only spoke of the general result of acts.

That the court erred in refusing to give the instructions asked by plaintiff, see 94 E. C. L., 84; 76 id., 466, 472; 11 M.

& W., 113; 3 Mason C. C., 132; 16 How., 474; 12 Ill., 195; Ang. on Carriers, §§ 23, 268.

*Thomas P. Fenlon,* for defendant in error:

1. The instructions given were applicable to the only three questions of fact presented in this case. Was the gold dust in the sack when the sack was delivered to defendant; and if so, did defendant convert the contents of said sack to his own use? These two questions of fact, of course, were for the jury to find from the testimony under proper instructions. The instruction of the court was clearly the law of the case, and all that was necessary to be said on it.

If defendant was a carrier for hire, were not the instructions given the law governing and fixing his liability? His liability is unquestionably to be determined by the fact whether he exercised ordinary care. If he did so, he cannot be held. 2 Kent Com., 597; Story on Contr., 796, note.

But if the defendant was not a carrier for hire, what then was the measure of his liability? On this question the court charged the jury: "If the defendant was a carrier without reward he was bound to slight diligence only, and would be answerable for gross negligence only." And surely this is the correct rule: *Johnson v. Reynolds,* 3 Kas., 261; 38 Me., 55; 6 N. H., 537; Story on Bail., § 64.

2. There was no error in refusing the instructions asked by plaintiff. Some of them were not applicable to the case, and the others had been given already by the court.

A repetition of what is contained in the charge, differing only in the mode of expression, need not be given. 4 Kas., 194; 5 id., 312; 6 id., 371; 9 Iowa, 484; 13 Iowa, 89; 2 Blackf., 533; 41 Penn. St., 234; 42 id., 188; 21 Texas, 22.

And no error will be regarded unless it is material and prejudicial to substantial rights. 2 Kas., 490.

The opinion of the court was delivered by

VALENTINE, J.: A sack supposed to contain gold dust was delivered to the defendant George W. Pritchett at Helena, in

14—8TH KAS.

Montana Territory, to be delivered by him to the plaintiff William C. Lobenstein, at Leavenworth City, Kansas. Afterwards said sack was so delivered; and afterwards it was opened; but when it was opened it was found to contain nothing but shot and sand. The plaintiff then sued the defendant for the value of the said gold dust which said sack was supposed to contain. Trial was had, and the verdict of the jury and the judgment of the court were for the defendant. The plaintiff now seeks to reverse said judgment.

The first ruling of the court below complained of is, that the court refused to allow the witness Alexander Kirk to testify whether he had paid the defendant anything for similar services performed by the defendant for the witness. This ruling was correct. The transaction between the defendant and Kirk had no connection whatever with the transaction between the defendant and the plaintiff. But suppose the court did at the time err, still the error was not substantial, for afterwards the witness stated in full just what he paid to the defendant and for what purpose he paid it. *Johnston v. Hamburger*, 13 Wis., 175, (179.)

The other rulings complained of are rulings that were made by the court in charging the jury. The court gave certain instructions to the jury to which the plaintiff excepted, and refused to give other instructions which the plaintiff asked to have given. Under the pleadings and the evidence we think the case was fairly submitted to the jury, and under the proper instructions. The questions of fact for the jury to consider were as follows: Was the sack filled with gold dust when the defendant received it? If so, was the gold dust abstracted from the sack while it was in the possession or under the control of the defendant, or was it in the sack when the sack was delivered to the plaintiff. If abstracted while in the possession or under the control of the defendant, was it so abstracted with his consent, or through his negligence? If through his negligence, what was the degree of the negligence? And was the defendant to receive any compensat on or reward from the plaintiff for transporting said sack from Helena to

Leavenworth? The instructions given by the court embodied the law of this case and covered all the issues involved therein, and hence no other instructions were necessary. And it may be further said to their merit they contain but little if anything that is not applicable to this case. The principles involved in these instructions are so elementary in their nature however, and are so clearly the law, that we do not think it is necessary to make any further comment upon them.

Some of the instructions asked by the plaintiff and refused by the court are also good law; but being the same in substance as those given by the court, though differing in the mode of their expression, the court was not bound to give them. (*Topeka v. Tuttle*, 5 Kas., 312, 322, 429, 430; 6 Kas., 371, 471; 7 Kas., 156; *ante*, pp. 159, 180.) Of course such instructions as were not good law or were not applicable to this case the court was not bound to give.

Perhaps it would be proper for us to here say that it is not claimed that the defendant was a common carrier.

The judgment of the court below is affirmed.

KINGMAN, C. J., concurring.

BREWER. J., not sitting in the case.