No. 39,911

ALVIN P. REDMON, doing business as Redmon Truck Lines and THE KANSAS CITY FIRE AND MARINE INSURANCE COMPANY, a Corporation, *Appellants,* v. M. B. SALISBURY COMPANY, INC., a Corporation, *Appellee.*

(290 P. 2d 809)

Opinion filed December 10, 1955.

*C. K. Sayler,* of Topeka, and *Alvin C. Randall,* of Kansas City, Missouri, argued the cause, and *L. M. Ascough* and *John A. Bausch,* both of Topeka, and

*William S. Hogsett, Hale Houts* and *Jesse D. James,* all of Kansas City, Missouri, were with them on the briefs for the appellants.

*Charles S. Fisher, Jr.,* of Topeka, argued the cause, and *T. M. Lillard, O. B. Eidson, P. H. Lewis, J. W. Porter* and *Sidney C. Hunt,* all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This appeal is from an order sustaining a demurrer to an amended petition.

Briefly, the facts disclosed by the amended petition (hereafter referred to as the petition) are as follow:

In April, 1952, plaintiff Redmon purchased a new six-ton semi-trailer. At about the same time one Allen purchased a White tractor truck, and shortly thereafter took the truck to defendant for the purpose of having installed a "fifth wheel," a steel wheel-like mechanism which is attached to a truck and used to connect a trailer and truck. Defendant made the installation and was paid for the material and labor by Allen. Plaintiff Redmon leased the truck from Allen and operated it with his trailer as a unit. On June 17, 1952, while Redmon was hauling a cargo of eggs on a highway in Arizona the truck-trailer combination overturned due to the alleged faulty and negligent installation of the "fifth wheel" assembly by defendant.

Plaintiff Redmon's trailer was damaged to the extent of $10,101.08, and the cargo of eggs, owned by one Randolph, was damaged to the extent of $4,492.25.

At all times material the cargo in question was covered by a standard cargo insurance policy issued by plaintiff insurance company, by the terms of which the cargo was insured against loss or damage. The policy contained a subrogation clause. Plaintiff insurance company paid the full amount of the cargo damage to the owner thereof and received a subrogation receipt whereby it became subrogated to the rights against the defendant to the full amount paid by it under the policy.

The prayer of the petition seeks recovery in the amount of $14,593.33, this figure being the damage sustained by plaintiff Redmon to his trailer, together with the amount of damage to the cargo paid by plaintiff insurance company.

The petition contains a second count, based on the theory of breach of implied warranty, but for our purposes it may be ignored.

Defendant filed a demurrer to the petition on two grounds—(1) that such pleading does not state facts sufficient to constitute a cause of action, and (2) that several causes of action are improperly joined.

This demurrer was sustained

". . . on the ground and for the reason that the plaintiffs' amended petition fails to state facts sufficient to constitute a cause of action against defendant in that the same shows that the plaintiff, Alvin Redmon, is guilty of contributory negligence as a matter of law, which negligence precludes his recovery against defendant; and the Kansas City Fire and Marine Insurance Company bring their action through an attempted assignment of a tort."

Plaintiffs have appealed from this ruling.

From the argument made it appears that with respect to plaintiff Redmon the theory of defendant (and which was adopted by the trial court) is that as a bailee for hire is liable to the bailor only for negligence (*Lobenstein v. Pritchett*, 8 Kan. 213, and 6 Am. Jur. [Rev. Ed.], Bailments, § 242, p. 345), the allegation appearing in paragraph 10 of the petition "that said plaintiff was the bailee of said cargo and responsible therefor" is in and of itself an admission by Redmon that he was guilty of contributory negligence which would bar his recovery.

In our opinion the quoted words are not open to such a "strained" construction. They amount to nothing more than a statement of responsibility on the part of Redmon, as bailee, to the owner for the cargo in question, which naturally flowed from the relationship. We do not understand the rule to be that the fact a bailee has some "responsibility" for goods in his possession means there can be no recourse against a third party wrongdoer for damage. Furthermore, it is to be kept in mind that Redmon's action is to recover for damage to the trailer owned by him. The real issue concerns the alleged negligence of defendant in the installation of the "fifth wheel" assembly.

As to plaintiff Redmon, the trial court erred in sustaining the demurrer on the ground that it did.

With respect to plaintiff insurance company, the contention of defendant (and which was adopted by the trial court) is that this plaintiff is bringing the action through an attempted assignment of a tort, and that such is not permitted because of the well-established rule to the effect that a right of action resulting from a tort is not assignable. (*Old Colony Ins. Co. v. Kansas Public Ser. Co.*, 154 Kan. 643, 121 P. 2d 193, 138 A. L. R. 1166, and G. S. 1949, 60-401.)

The statement of the rule is correct but the contention made concerning its application to the facts before us cannot be sustained.

Plaintiff insurance company is not bringing the action under or by virtue of an assignment of a right of action against the alleged negligent tort-feasor, but rather is bringing it under a right of subrogation arising out of contract. The petition alleges that the trailer contained a cargo which was insured by this plaintiff against loss or damage; that the policy contained a subrogation clause; that the loss was paid, and that this plaintiff received a subrogation whereby it became subrogated to rights against defendant to the full amount of the loss paid. We think the rule laid down in *City of New York Ins. Co. v. Tice,* 159 Kan. 176, 152 P. 2d 836, 157 A. L. R. 1233, applies to the situation before us. It was there held:

"The rule that rights of action in tort are not assignable is not applicable to an action by an insurer to recover from the tort-feasor the amount which it has been required to pay to a property owner under a subrogation clause in a policy indemnifying such owner against property damage by collision or accident." (Syl. 1.)

As to plaintiff insurance company, the trial court erred in sustaining the demurrer on the ground that it did.

Inasmuch as the trial court did not rule upon the second ground of the demurrer, relating to the alleged improper joinder of causes of action, we express no opinion thereon.

The ruling of the trial court is reversed.