**STAR MANUFACTURING CO., INC., Plaintiff,**

v.

**George F. MANCUSO, Defendant.**

**No. 87–1149–K.**

United States District Court, D. Kansas.

March 7, 1988.

Patricia M. Dengler, Smith, Shay, Farmer & Wetta, Wichita, Kan., for plaintiff.

Don W. Bostwick, Adams, Jones, Robinson & Malone, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

**PATRICK F. KELLY, District Judge.**

This case is before the court on motions by both parties to the action. Defendant George Mancuso moves for dismissal of this action on the ground that plaintiff Star Manufacturing Co., Inc. (Star) is not the real party in interest as required by Fed.R. Civ.P. 17(a). Plaintiff urges the court to deny defendant's motion to dismiss, and instead, to grant plaintiff's motion for approval of ratification.

The facts relevant to a determination of these motions are as follows:

Defendant George Mancuso was employed during 1984–1985 as a district manager for Cuckler, a division of Lier Siegler, Inc., a Delaware corporation. Mancuso was terminated from his position on March 13, 1985.

On June 30, 1986, plaintiff Star purchased the assets and liabilities of Cuckler, and Cuckler assigned to Star all of its contract rights pertaining to Cuckler's business. Star filed the instant action against Mancuso on March 13, 1987, alleging (1) that Mancuso had violated a fiduciary duty of fair dealing; and (2) that Mancuso had made certain false representations to Cuckler.

Defendant now argues dismissal of this action is proper because plaintiff is not the real party in interest as required by Fed.R. Civ.P. 17(a).

Fed.R.Civ.P. 17(a) provides:

Every action shall be prosecuted in the name of the real party in interest.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection *for ratification of commencement of the action by,* or joinder or substitution of, *the real party in interest;* and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

(Emphasis added.)

Defendant argues Star is not the "real party in interest" because tort actions are not assignable in Kansas. Thus, defendant reasons that Lier Siegler, and not Star Manufacturing, is the real party in interest in this case.

Plaintiff does not attempt to argue that it is the real party in interest here. Rather, plaintiff urges the court to approve a "ratification" of the action by Lier Siegler.

A real party in interest is the party which *owns* the substantive right to be enforced. *Doyle v. Colborne Mfg. Co.,* 93 F.R.D. 536, 537 (D.Kan.1982) (*citing*

*United States v. Aetna Casualty Company,* 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949)). Determination of ownership of the cause of action is a matter of state substantive law in diversity cases, while the question of joinder (or, in this case, ratification) after that determination has been made is a matter of federal procedure. *Doyle v. Colborne,* 93 F.R.D. at 537.

Thus, this court is initially faced with the issue of whether plaintiff "owns" the cause of action under Kansas law. Once this issue is resolved, the court can then determine whether ratification is proper pursuant to Fed.R.Civ.P. 17(a).

■ Kansas has traditionally adhered to the common law rule that a right of action for damages resulting from a tort is not assignable. *Alldritt v. Kansas Centennial Global Exposition,* 189 Kan. 649, 657, 371 P.2d 181 (1962); *Redmon v. Salisbury Co.,* 178 Kan. 639, 641, 290 P.2d 809 (1955); *Howe v. Mohl,* 168 Kan. 445, 448, 214 P.2d 298 (1950). In *City of New York Ins. Co. v. Tice,* 159 Kan. 176, 180, 152 P.2d 836 (1944), the Kansas Supreme Court stated that the basis for such a prohibition was an attempt to restrain "the traffic of merchandising in quarrels, of huckstering in litigious discord."

Plaintiff argues the traditional prohibition against the assignment of tort actions is no longer valid, because the statute which prohibited such assignment was repealed in 1963.

Until 1963, Kansas law provided:

Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section twenty-eight; but this section shall not be deemed to authorize the assignment of a thing in action, not arising out of contract.

G.S.1949, 60–401.

In 1963, the legislature repealed the former code of civil procedure and the above-cited section was incorporated into what is now K.S.A. 1987 Supp. 60–217(a), which provides in relevant part:

Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, conservator, trustee of an express trust, receiver, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in the party's own name without joining the party for whose benefit the action is brought.

Plaintiff contends that as a result of the repeal of G.S.1949, 60–401, and the enactment of K.S.A. 60–217(a), tort claims are now assignable in Kansas. Plaintiff concedes that the Kansas Supreme Court has not specifically ruled on the issue of assignability of torts since 1963, but plaintiff contends that given the opportunity, the court would find that tort claims are now assignable.

The court does not find plaintiff's argument persuasive for a number of reasons. First, a quick review of K.S.A. 1987 Supp. 60–217(a), does not reveal any language which specifically permits the assignability of a cause of action in tort. Second, the Kansas Supreme Court has never indicated that the rule prohibiting the assignment of tort actions has been repealed or overruled. In fact, in at least two cases, the court has indicated that the rule still prevails.

In the recent case of *Newell v. Krause,* 239 Kan. 550, 722 P.2d 530 (1986), the court was faced with the same argument presented here—e.g., that the repeal of G.S. 1949, 60–401, marked the end of the prohibition against the assignment of tort actions. While the court in *Newell* declined to discuss the status of the law on assignability of torts because the case was "an inappropriate vehicle" for such an in-depth discussion, the court did observe that "[t]he broad public policy considerations inherent in this area of the law are wholly absent from the case before us." 239 Kan. at 556, 722 P.2d 530. Thus, the court in *Newell* recognized the continued existence of the public policy considerations underlying the rule against assignment of tort actions.

Moreover, in a case decided some 10 years after the repeal of G.S.1949, 60–401, the Kansas Supreme Court cited and applied the doctrine prohibiting the assignment of a tort claim. *See Cullen v. Atchi-*

*son, Topeka & Santa Fe Railway Co.,* 211 Kan. 368, 374, 507 P.2d 353 (1973).

■ Plaintiff further alleges that even if tort claims are generally not assignable, an exception exists when the tortfeasor has benefited from his wrongdoing. This argument lacks merit. Each of the cases cited by plaintiff involves a situation in which the court implied or presumed a contract on the part of the wrongdoer to pay to the party injured the full value of the benefits resulting to such wrongdoer. *See, e.g., Hewey v. Fouts,* 91 Kan. 680, 683, 139 P. 407 (1914). Thus, the assignee was actually bringing the action on an implied contract, rather than tort theory. Such is not the case here.

■ The court therefore finds that the assignment of a cause of action in tort is still prohibited in Kansas. Accordingly, the court must find that Star Manufacturing does not "own" the cause of action in this case and is not the "real party in interest" as required by Fed.R.Civ.P. 17(a).

Plaintiff urges the court to permit Lier Siegler to "ratify" the action as permitted by the rule. Plaintiff argues that under Rule 17(a), ratification has the same effect "as if the action had been commenced in the name of the real party in interest."

■ The court will not permit Lier Siegler to accomplish by ratification what it could not do in the first instance—e.g., assign its cause of action in tort to the plaintiff. Further, even if tort claims were assignable in this state, ratification would be inappropriate in this case.

■ The use of ratification in lieu of substitution or joinder is rare. 3A Moore's Federal Practice ¶ 17.15–1, pp. 17–140. It is principally applied where an insurance company has paid all or a portion of a claim and becomes subrogated to its insured's right of recovery. *Southern Nat. Bank of Houston, Tex. v. Tri Financial Corp.,* 317 F.Supp. 1173, 1188 (S.D.Tex.1970).

The court concludes that plaintiff is not the real party in interest in this case and ratification of this action by Lier Siegler is not appropriate. Thus, defendant's motion to dismiss is granted.

IT IS ACCORDINGLY ORDERED this 7th day of March, 1988, that defendant's motion to dismiss is granted, and plaintiff's motion for approval of ratification is denied.