**PATTERSON ENTERPRISES, INC., Patterson Farms Trucking, and Jere J. Patterson, Plaintiffs,**

v.

**BRIDGESTONE/FIRESTONE, INC., Defendant.**

Civ. A. No. 92–2373–JWL.

United States District Court, D.Kansas.

Jan. 28, 1993.

Kevin O. Murphy, Turner & Boisseau, Chartered, Overland Park, KS, for plaintiffs.

Frank D. Menghini, Douglas M. Greenwald, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, and Michael L. Noland, and Kenneth D. Upton, Jr., Niemeyer, Noland & Alexander, Oklahoma City, OK, for defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter comes before the court on defendant Bridgestone/Firestone, Inc.'s ("Firestone") motion to dismiss (Doc. # 7). Firestone brings this motion pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(7) for lack of subject matter jurisdiction and failure to join a real party in interest. For the reasons set forth below, the motion is denied.

### I. Facts

The following facts, as alleged by the plaintiffs, are accepted as true for the purposes of this motion to dismiss. Patterson Enterprises, Inc. ("Enterprises") and Patterson Farms Trucking ("Trucking") are Kansas corporations. Jere J. Patterson is a resident of Kansas. Firestone is an Ohio corporation with its principal place of business in Ohio. On April 3, 1991, plaintiff Enterprises was operating a tractor trailer which had a single vehicle accident, allegedly because a Firestone tire on the vehicle failed. On October 9, 1992, the plaintiffs filed suit making claims for negligence, strict liability, and breach of warranty. Enterprises seeks $30,200 for damages to the contents of the trailer. Trucking seeks $19,833.90 for loss to the contents of its trailer. Mr. Patterson seeks $50,685.34 for damages to his tractor. Mr. Patterson has been partially compensated by the Great West Casualty Company of Sioux City, Nebraska ("Great West") for his losses from the accident.

### II. Discussion

Firestone argues that Enterprises and Trucking lack diversity jurisdiction under 28 U.S.C. § 1332 because their individual demands fail to meet the jurisdictional requirement of $50,000. Firestone does not contest that Mr. Patterson has met the prerequisites of diversity jurisdiction under 28 U.S.C. § 1332 by residing in a different state than Firestone's principal place of business and by seeking damages in excess of $50,000.

■ This court has supplemental jurisdiction over Enterprises' and Trucking's claims under the plain meaning of 28 U.S.C. § 1367 because all the claims relate to the same incident. Their claims "are so related to claims in the action within such original jurisdiction [i.e. Mr. Patterson's claims] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

The defendant argues that because the federal district court has only diversity jurisdiction (28 U.S.C. § 1332) over Mr. Patterson's claims, 28 U.S.C. § 1367 does not grant supplemental jurisdiction over the related claims of Trucking and Enterprises, which lack any independent basis for federal subject matter jurisdiction. Though there has been some debate over this issue in the federal courts, the court does not agree with the defendant's argument. The statute states:

(a) Except as provided in subsections (b) and (c) or as expressly provided by other Federal statutes, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution....

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(a), (b).

According to the statute, the exclusion set out in § 1367(b) only applies when a party or a claim is added to the action under Rules 14, 19, 20 or 24. In this case, Trucking's and Enterprises' claims were present in the original complaint and there was no need to add them under any of the listed rules. If the Congress had intended to exclude situations such as this one from the scope of supplemental jurisdiction, it could have done so just as easily as it excluded ones arising under Rules 14, 19, 20 and 24. Therefore, the § 1367(b) exclusion does not apply here and the test for whether supplemental jurisdiction should be applied is whether Trucking's and Enterprises' claims are "so related to claims in the action" which have an independent basis for subject matter jurisdiction, i.e. Mr. Patterson's claims for property damage, that they "derive from a common nucleus of operative fact." *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

This issue of whether or not § 1367 provides supplemental jurisdiction over claims which lack diversity jurisdiction when the court does have diversity jurisdiction over related claims is in dispute among federal district courts. *See Garza v. National American Ins. Co.*, 807 F.Supp. 1256 (M.D.La.1992). *But see, Griffin v. Dana Point Condominium Ass'n*, 768 F.Supp. 1299 (N.D.Ill.1991); *Averdick v. Republic Financial Services, Inc.*, 803 F.Supp. 37 (E.D.Ky.1992). To date, no federal appellate courts seem to have addressed this issue. The basic disagreement is whether or not § 1367 has the effect of overruling *Zahn v. International Paper Co.*, 414 U.S. 291, 293, 94 S.Ct. 505, 507, 38 L.Ed.2d 511 (1973), which held that "multiple plaintiffs with separate and distinct claims must each satisfy the jurisdictional amount requirement for suit in the federal courts." This court agrees with the *Garza* court that the plain meaning of the language of the statute has the effect of overruling *Zahn* in situations such as the one present here. *Griffin* and *Averdick* rely on the legislative history, which indicates that the drafters did not intend to overrule *Zahn* in class action suits. *See* H.R.Rep. No. 734, 101st Cong., 2d Sess. 29, *reprinted in* 1990

U.S.C.C.A.N. 6860, 6875. Whatever the merits of that argument in a class action dispute, this case is not a class action and the legislative history is not useful in interpreting the unambiguous provisions of this statute as they apply to a case such as this one. *See Rubin v. United States*, 449 U.S. 424, 101 S.Ct. 698, 66 L.Ed.2d 633 (1981). Therefore, this court disagrees with *Griffin* and *Averdick* and holds that § 1367 does provide supplemental jurisdiction in this situation.[1]

All the claims in this action arise from the same accident on April 3, 1991 and are controlled by the same legal issues, i.e. negligence, strict liability, and breach of warranty. Therefore, the court finds that Trucking's and Enterprises' claims satisfy § 1367 and are properly within the supplemental jurisdiction of the court.

■ Firestone next argues that under Fed.R.Civ.P. 17(a) Great West Casualty Company ("Great West"), not Mr. Patterson, is the real party in interest because Great West, as Mr. Patterson's insurer, has already compensated Mr. Patterson for his losses. The defendant argues that Mr. Patterson's claims should be dismissed unless the complaint is amended to add Great West as a party. This court is not persuaded that the complaint must be amended or that Great West must be added as a party.

Both Great West and Mr. Patterson have an interest in this action. Mr. Patterson alleges that his damages are $50,685.34. Great Western paid him only $47,500.00 in insurance proceeds, primarily due to a $2500 deductible on the insurance policy. Therefore, Mr. Patterson has an interest of $3,185.34 in the suit. Mr. Patterson subrogated to Great West his rights to bring suit against Firestone "to the extent of payments made by the company" under the policy and therefore Great West also has an interest in the lawsuit. Great West's Claim Form # 130291–M–310.

■ Fed.R.Civ.P. 17(a) provides that "[e]very action shall be prosecuted in the name of the real party in interest." The essential purposes of Rule 17 and of Rule 19 (relating to joinder of parties) are to ensure that a judgment will have a res judicata effect. *See* Notes of Advisory Committee on Rules, Fed.R.Civ.P. 17(a), 1966 Amendment. The general rule in the Tenth Circuit is that where an insured brings a suit for his entire loss, the partially subrogated insurer must be joined as a party unless this would defeat jurisdiction. *Garcia v. Hall*, 624 F.2d 150, 152 (10th Cir.1980). In this case, joinder of Great West would defeat diversity jurisdiction because if Great West were added, Mr. Patterson would have a claim for $3,185.34 and Great West would have a claim for $47,500. Neither plaintiff would meet the jurisdictional minimum of $50,000 required by 28 U.S.C. § 1332(a). In considering these type of situations, the Tenth Circuit has stated the following:

> When joinder of a partially subrogated insurance company would require dismissal of a suit brought by the insured for the entire amount of the loss, the considerations enumerated in Fed. R.Civ.P. 19 should be applied. Rule 19 specifies that courts not be deprived of jurisdiction by unnecessary joinder, and it makes dismissal hinge on the existence of prejudice, particularly the risk of multiple litigation.

*Id.* The defendant will not be prejudiced if Mr. Patterson is allowed to pursue his claims without Great West being added as a party so long as Great West is bound by the results of the litigation and Great West allows Firestone adequate access to discoverable materials and information.

■ Rule 17(a) provides a mechanism whereby a real party in interest may ratify another party bringing the suit and agree to be bound by the results of the litigation. This mechanism of ratification "is principally applied where an insurance company has

---

1. The defendant also has cited *Bradbury v. Robertson–Ceco Corp.*, No. 92–C–3408, 1992 WL 178648 (N.D.Ill. July 22, 1992), for the proposition that 28 U.S.C. § 1367 does not effectively overrule *Zahn* when the court only has jurisdiction over a claim or claims based on diversity. However, *Bradbury* applies to the aggregation of claims in a federal class action suit based on diversity, which was the specific fact situation present in *Zahn*, and as such is not applicable in this non-class action.

paid all or a portion of a claim and becomes subrogated to its insured's right of recovery", such as here. *See Star Mfr. Co., Inc. v. Mancuso,* 680 F.Supp. 1496, 1499 (D.Kan.1988) (Kelly, J.). "A proper ratification under Rule 17(a) requires that the ratifying party (1) authorize continuation of the action and (2) agree to be bound by its result." *Icon Group, Inc. v. Mahogany Run Dev. Corp.,* 829 F.2d 473, 478 (3d.Cir.1987).

Mr. Patterson has given this court notice that Great West has already ratified the commencement of the lawsuit. However, Mr. Patterson's notice to the court could not have a legally binding effect on Great West. Therefore, if Great West wishes to ratify the commencement of this lawsuit, it shall file with the court an acknowledgement of ratification no later than February 19, 1993, which shall meet the following requirements set out by this order: The acknowledgement shall (1) be executed in a manner which shall make it legally binding on Great West, (2) ratify the commencement of this action, (3) authorize continuation of this action, (4) refer to this action particularly rather than provide a general authorization for litigation, (5) bind Great West to comply with any of the defendant's discovery requests and with any of this court's orders to the same extent as if it were a named party to this action and (6) agree to be bound by the results of this action. If Great West fails to so ratify this action, the court will entertain a motion to reconsider Firestone's joinder demand.

*III. Conclusion*

IT IS THEREFORE ORDERED BY THE COURT that Firestone's Motion to Dismiss (Doc. # 7) is denied.

IT IS FURTHER ORDERED BY THE COURT that if Great West Casualty Company of South Sioux City, Nebraska wishes to ratify this action by Jere Patterson, it may do so consistent with this order no later than February 19, 1993.

IT IS SO ORDERED.