**CENTRAL SYNAGOGUE, Plaintiff,**

v.

**TURNER CONSTRUCTION COMPANY, Amis Inc. and Aris Development Corporation, Defendants.**

**No. 99CIV2444(RWS).**

United States District Court,
S.D. New York.

Sept. 16, 1999.

**348**

Friedman Kaplan & Seiler, New York City, Bruce S. Kaplan, Andrew R. Greengrass, of counsel, for Plaintiff.

Jones Hirsch Connors & Bull, New York City, Chris Christofides, James H. Rodgers, of counsel, for Defendant Turner Construction Company.

## OPINION

SWEET, District Judge.

Plaintiff Central Synagogue ("Central") has moved, pursuant to 28 U.S.C. § 1447, for an order to remand this action to New York State Supreme Court for lack of subject matter jurisdiction. For the reasons set forth below, the motion is granted.

### Prior Proceedings

This action arises out of the tragic fire that consumed the historic Central Synagogue Sanctuary (the "Sanctuary") of plaintiff Central on August 28, 1998. As a result of the fire, Central's insurance carrier, Wausau Business Insurance Company ("Wausau"), allegedly paid a certain sum of money to Central. Wausau subsequently filed an action (the "Wausau case") in this Court on January 29, 1999, seeking amounts in subrogation against defendants Turner Construction Company ("Turner"), Amis Inc. ("Amis"), and Aris Development Corporation ("Aris," and, together with Turner and Amis, the "Defendants"). Subject matter jurisdiction in the Wausau case was predicated on diversity, as Wausau is a Wisconsin entity and all Defendants are New York corporations.[1]

On February 25, 1999, Central, a New York entity, filed the instant action (the "Central case") in Supreme Court of the State of New York, New York County against Defendants. Central's complaint alleges state law claims of breach of contract, negligence, and breach of fiduciary duty, and seeks damages for uninsured losses sustained in the Sanctuary fire.

On April 2, 1999, Turner removed the Central case to this Court pursuant to 28 U.S.C. § 1441, seeking joinder with the Wausau case. Subject matter jurisdiction in the Central case is predicated on 28 U.S.C. § 1367, the "supplemental jurisdiction" statute.

On June 7, 1999, Central filed the instant motion to remand the Central case to New York State Supreme Court, pursuant to 28 U.S.C. § 1447. Oral argument on the motion was heard on June 23, 1999, at which time the motion was deemed fully submitted.

### Discussion

#### The Basis for the Remand Action

Central's motion for remand based on lack of subject matter jurisdiction rests on three assertions. First, Central asserts that supplemental jurisdiction is not a valid basis for removal, since § 1441 only permits removal of a "civil action brought in a State court of which the district courts of the United States have *original* jurisdiction." 28 U.S.C.A. § 1441(a) (West 1993 & Supp.1999) (emphasis added). Central construes this language to mean that only an action which could have been brought in federal court originally can be removed to federal court. Since § 1367 only supplies "supplemental jurisdiction" to a claim, not original jurisdiction, and since the Central case could not otherwise have been brought in federal court originally—lacking a federal question claim under 28 U.S.C. § 1331 and failing to meet the diversity requirements under § 1332—Cen-

---

1. In addition, the disputed sum exceeds the $75,000 minimum necessary to satisfy the amount in controversy element of the diversi-

ty jurisdiction statute. *See* 28 U.S.C.A. § 1332 (West 1993 & Supp.1999).

tral maintains that the case cannot be removed.

Second, Central asserts that, even if supplemental jurisdiction somehow overcame the § 1441 "original" jurisdiction defect, § 1367 nevertheless only applies to claims brought in a single action. Here, the claims were brought in two separate actions.

Third, Central asserts that § 1367(b) explicitly disallows the exercise of supplemental jurisdiction over "claims by persons proposed to be joined as plaintiffs under Rule 19 ... when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." *Id.* § 1367(b). Since Turner proposes to join Central as a plaintiff in the Wausau case, presumably under Rule 19, and since such joinder would destroy subject matter jurisdiction in the Wausau case, which is premised on diversity (because Central and Turner are both New York "citizens"), § 1367 cannot be used as a basis for supplemental jurisdiction and thus as a basis for removal.

Turner replies that a rational reading of §§ 1367 and 1441, buttressed by case law in this Circuit and elsewhere, firmly establishes that (1) the "original" jurisdiction requirement of § 1441 does not bar claims in which jurisdiction is predicated on § 1367; (2) jurisdiction under § 1367 is not limited to claims brought in a single action; and (3) § 1367(b) does not apply in the Central case. In addition, Turner maintains that Central's motion is not timely.

### Section 1367(b) Bars Supplemental Jurisdiction Which Destroys Diversity

To deal with the third argument for remand advanced by Central, and to see why § 1367(b) clearly prohibits, in certain situations, the exercise of supplemental jurisdiction where, as here, such exercise would destroy diversity, it is necessary to turn to the text of the statute itself. Section 1367 provides that:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

(c) . . . .

As the language of the statute indicates, subsections (b) and (c) are exceptions from the general grant of supplemental jurisdiction under subsection (a). The second part of subsection (b) contains the language crucial to this motion: The district courts *shall not* have supplemental jurisdiction under subsection (a) "over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules ... when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."

It is undisputed that this Court has jurisdiction over the parties in the Wausau case solely pursuant to 28 U.S.C. § 1332, the diversity statute. It is also undisputed that, had Central been a plaintiff in the Wausau case, diversity would have been destroyed, because Central, like all the

Defendants, is a "citizen" of New York for purposes of § 1332.

■ In this action, Central is a person "proposed to be joined" to the Wausau case as a plaintiff under Rule 19. As Turner states in its reply memorandum to the instant motion, "Defendant Turner removed the Central Synagogue Case to this Court seeking *joinder* with the Wausau Case relying on 28 U.S.C. 1332 jurisdiction over the related Wausau Case as original jurisdiction and asking this Court to assert supplemental jurisdiction pursuant to 28 U.S.C. Sec. 1367 over The Central Synagogue Case." *Defendant Turner Construction Company's Memorandum of Law in Opposition to Plaintiff's Motion to Remand,* at 3 ("Memo of D.") (emphasis added). Since Turner seeks "joinder" of the two cases, Turner necessarily seeks joinder of plaintiff Central to the Wausau claim pursuant to Rule 19.[2] Thus, Central's claim against Turner is a claim by a person proposed to be joined as a plaintiff under Rule 19 and therefore fits squarely within the language of 1367(b). This would not pose a problem for Turner if the Wausau claim were predicated on federal question jurisdiction.[3] However, as indicated above, subject matter jurisdiction in the Wausau case is founded exclusively on diversity. Exercising supplemental jurisdiction over Central's claims against Turner, according to the plain language of 1367(b), "would be inconsistent with the jurisdictional requirements of section 1332." Central and Turner are both New York citizens, and "for diversity jurisdiction to be available, all of the adverse parties in a suit must be completely diverse with regard to citizenship." *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.,* 160 F.3d 925, 930 (2d Cir.1998) (*citing Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

Turner asserts that § 1367(b) "only precludes jurisdiction over claims made by *plaintiffs* pursuant to Rules 14, 19, 20 and 24." (Memo of D. at 9.) This mischaracterizes the statute. Certainly the first part of 1367(b) only precludes claims by plaintiffs against persons made parties under Rules 14, 19, 20, or 24, but the second part precludes claims "by persons proposed to be joined as plaintiffs" under Rules 19 or 24. If Congress wanted to limit the exception to persons seeking to join an action as plaintiffs, it could have drafted the language of the statute to say "by persons proposing to join as plaintiffs." The passive voice of "proposed to be joined" clearly contemplates a situation where a party *other than* the potential plaintiff is *proposing to join* that potential plaintiff to the action—the exact situation in the instant case. Defendant Turner is seeking to join Central to the Wausau claim.

Finally, none of the cases cited by Turner aid Turner's position. In most of the cases cited, supplemental jurisdiction was predicated on federal question—not diversity—jurisdiction in the original claim, in which case 1367(b) does not prohibit jurisdiction over the supplemental claim. *See King v. Crossland Sav. Bank,* 111 F.3d 251, 256 (2d Cir.1997); *Mizuna, Ltd. v. Crossland Fed. Sav. Bank,* 90 F.3d 650, 657 (2d Cir.1996); *Brazinski v. Amoco Petroleum Additives Co.,* 6 F.3d 1176 (7th Cir.1993); *Simcox v. McDermott Int'l, Inc.,* No. H–92–3014, 1993 U.S. Dist. LEXIS 18302, at *7–8 (S.D.Tex. Dec. 21, 1993). In the two cases Turner cites where the original claim was predicated on diversity jurisdiction, the issue was whether the supplemental claim could be joined even though it failed to meet the amount in controversy requirement of § 1332. *See Stromberg Metal Works v. Press Mechanical, Inc.,* 77 F.3d 928, 931 (7th Cir.1996);

**2.** Central cannot be joined as an involuntary plaintiff under Rule 20, which provides only for "permissive" joinder of plaintiffs. *See* Fed.R.Civ.P. 20(a).

**3.** Assuming, of course, that Central's other assertions for remand are not meritorious. As indicated below, this opinion does not—and need not—consider those other assertions.

*Patterson Enter., Inc. v. Bridgestone/ Firestone, Inc.,* 812 F.Supp. 1152, 1154–55 (D.Kan.1993). There is a split on this issue in the Circuit Courts. *Compare Stromberg,* 77 F.3d at 930–32 (7th Cir. 1996), *and In re Abbott Labs.,* 51 F.3d 524, 527–30 (5th Cir.1995), *with Ahearn v. Charter Township of Bloomfield,* 100 F.3d 451 (6th Cir.1996). However, in the situation where invoking supplemental jurisdiction would destroy the "complete diversity" requirement of all plaintiffs being from a different state than all defendants, *Stromberg* says the following:

> Whether § 1367(b) is a model drafting exercise may be doubted, but the language draws an important line. The complete-diversity rule of *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), excludes from federal court cases in which citizens of the same state are on each side. Supplemental jurisdiction has the potential to move from complete to minimal diversity. Suppose a citizen of Illinois sues a citizen of Indiana under § 1332 and adds a citizen of Illinois as a supplemental defendant. If this strategy works, then *Strawbridge* is no longer controlling. Similarly, suppose two parties (one from Illinois, one from Indiana) who claim an interest in the same property want to adjudicate their rights against a third party, a citizen of Illinois. Without a provision like § 1367(b), it would be easy for the Indiana claimant to start the suit, leading the defendant to add the Illinois claimant under Rule 19. As written, § 1367(b) keeps cases of this kind out of federal court entirely, just as *Strawbridge* does.

*Stromberg,* 77 F.3d at 932. This Court is not aware of any case holding that § 1367 can be invoked to overcome the complete diversity requirement.

There is simply no support for Turner's proposition that "supplemental jurisdiction is mandatory if the removal claim is related to the claim within the court's original jurisdiction." (Memo of D. at 9.) Turner cites *Itar–Tass Russ. News Agency v. Russian Kurier, Inc.,* 140 F.3d 442 (2d

Cir.1998) for support, yet *Itar–Tass* does not address the provisions of 1367(b). *Itar–Tass* simply holds that a judge cannot decline supplemental jurisdiction as a matter of discretion for any reason other than those reasons enumerated in 1367(c). *See id.* at 447–48. Of course, there is nothing about 1367(b) that is discretionary; if the conditions of 1367(b) are met, the court "shall not have" supplemental jurisdiction over the additional claims.

### The Remaining Bases for Remand Need Not Be Addressed

Central's first assertion presented a complex question of statutory interpretation: whether the jurisdiction conferred by § 1367 overrides the "original jurisdiction" language of § 1441. However, because of the conclusion reached above that remand is required by Central's third assertion, Central's first assertion need not be addressed. The same rationale permits this Court to refrain from considering Central's second assertion, regarding the inapplicability of 1367 to separately filed claims.

### The Remand Motion Is Timely

A final issue requiring consideration is whether Central's claim is nevertheless time-barred. Turner calls attention to § 1447(c), which states, in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the Notice of Removal under Section 1446(a). If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .

28 U.S.C.A. § 1447(c) (West 1993 & Supp. 1999). Turner maintains that Central's assertion regarding Turner's failure to meet the terms of the removal statute, *id.* § 1441, is time-barred because it was not brought within 30 days of the filing of the Notice of Removal.

However, it is not necessary to consider this issue, as the decision with regard to the instant motion rests solely upon § 1367(b). Even if Central's assertions with regard to § 1441 were defective, that would have no bearing on the issue of this Court's lack of subject matter jurisdiction over the Central claim. In addition, as the statute plainly states, there is no time limit for a motion to remand on the basis of lack of subject matter jurisdiction.[4]

It is regrettable that the laudable goal of the efficient and economic use of the legal system cannot be accomplished in the instant case, but Congress has quite explicitly limited the jurisdiction of the federal courts over cases such as the instant one before this Court.

For the reasons discussed above, the case is hereby remanded to the New York State Supreme Court.

It is so ordered.

---

**4.** Turner misquotes § 1447(c) in its answer brief, inserting the phrase "on the basis of any defect in removal procedure" in place of the (correct) phrase "on the basis of any defect other than lack of subject matter jurisdic-

tion." (*See* Memo of D., at 25.) Turner is mistakenly quoting an older version of § 1447(c), prior to its amendment in 1996. *See* Act of Oct. 1, 1996, Pub.L. 104–219, 110 Stat. 3022.